**In re Leon PICKETT, Debtor.**

No. 04–23095.

United States Bankruptcy Court,
E.D. Michigan,
Northern Division.

June 9, 2005.

Thomas McDonald, Saginaw, MI, Chapter 13 Trustee.

Michael C. Reinert, Saginaw, MI, for Debtor.

### OPINION IN CONNECTION WITH CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

WALTER SHAPERO, Bankruptcy Judge.

Incident to and as part of his Chapter 13 plan, Debtor seeks an order requiring the State of Michigan, Department of Natural Resources ("DNR") to reconvey to Debtor two parcels of real property ("Property") that were foreclosed upon for non-payment of real property taxes (and later sold at public auction) if, as, and when Debtor completes all of his obligations under the plan.

The undisputed most relevant facts are that:

(1) Debtor owned, and was delinquent in, payment of real estate taxes with reference to the Property with the result that on March 1, 2002, a Judgment of Foreclosure ("Judgment") was entered, pursuant to provisions of the Michigan General Property Tax Act ("GPTA"), and in particular M.C.L.A. § 211.78(k)(5) providing for such.

(2) Debtor failed to pay any of the required delinquent taxes, penalties, interest, and fees (roughly some $9,300) within the required 21–day period after entry of the Judgment provided for under the statute to effect a redemption. That period ended on or about March 22, 2002.

(3) Debtor filed a Chapter 13 petition on September 17, 2002, being case number 02–22945 ("Former Case").

(4) Pursuant to the direction to do so contained in M.C.L.A. § 211.78(k)(8), the DNR recorded a notice of the Judgment with the appropriate Register of Deeds on November 7, 2002.

(5) On November 21, 2002, the DNR auctioned off the Property to a third party.

(6) Debtor's Chapter 13 plan in the Former Case was confirmed on February 13, 2003.

(7) On March 5, 2004, the Former Case was dismissed on motion by the Trustee because of failure to make required payments.

(8) On August 5, 2004, Debtor commenced the present Chapter 13 case, proposing a plan which seeks to have the Property ordered reconveyed to Debtor by the DNR upon completion of the plan.

It is Debtor's argument that the filing on November 7, 2002, of the notice of Judgment after the filing of the Former Case, and while its stay was in effect, vitiated the effect of the foreclosure (and the subsequent auction). Debtor argues that he therefore retained some rights, which were property of the estate, and which could be the subject of a Chapter 13 plan, whether in the Former Case or this case; and, in particular, could be dealt with in the referenced plan provision proposed in this present Chapter 13 bankruptcy.

Debtor's position is unavailing for a number of reasons, to wit:

■ (A) There many sections of the GPTA, which state in so many words and make it unambiguously clear, that with the passage of the 21–day redemption period after a judgment of foreclosure (in this case on or about March 22, 2002):(i) all redemption rights expire; (ii) all existing recorded and unrecorded interests in the property are extinguished; (iii) fee simple absolute title vests in the foreclosing governmental unit; and (iv) that title is not to be stayed or held invalid, except incident to the statutorily prescribed appellate process as respects the Judgment. Therefore, whether the matter is viewed from

the perspective of the filing date of Debtor's first case (September 17, 2002) or second case (August 5, 2004), the Debtor had no property interests or rights, which could be made the subject of a Chapter 13 plan; and

■ (B) What Debtor seeks in his plan is to be able to recover possession of the Property; i.e.: conveyance to Debtor of the Property upon completion of the plan. The GPTA specifically provides in M.C.L.A. § 211.78(1), that the owner cannot bring any action for possession of the property against a subsequent owner (i.e., in this case certainly the purchasers at the auction but also possible the DNR or taxing authority), but is limited to an action for damages, if any. Furthermore, the purchasers at the auction or their successor in interest are not parties to this proceeding, and basic due process would preclude utilization of this Chapter 13 case to strip them of their property interest; and even if they were or sought to be made parties, the damages limitation would preclude what Debtor here seeks in any event; and

(C) The clearly manifested statutory scheme and intent is that the filing of the notice of Judgment is not to be seen or considered as a condition precedent to, or any deferral of, the effectiveness or effective dates of the referred to provisions ending the taxpayer's rights upon expiration of the redemption period; the recording relates, and has meaning only with respect to, any purchasers and not the prior owner whose rights and interests were previously foreclosed upon and ended; and

■ (D) As noted, the Former Case was dismissed. Under 11 U.S.C. § 349, relating to the effect of dismissal, subsection (b)(3) provides that dismissal of a case, "revests the property of the estate in the entity in which such property was vested *immediately before the commencement of the case under this title.*" (emphasis added). In this case, that entity was either the DNR or the taxing authority. In effect, the dismissal essentially *annulled* (i.e., terminated *as noted*) the stay and put the parties back where they were at the time of the filing. *See Shell Oil Co. v. Capital Fin. Servs.*, 170 B.R. 903, 906 (S.D.Tex.1994). Applied to the case at hand, such means that even if there was some merit to Debtor's argument about having had some sort of a justiciable interest in the Property at the time of the filing of the Former Case, the effect of the stay (and anything arguably done in violation thereof) in that case was lost upon dismissal of that case. So when the present case was filed, Debtor had no such interest in the Property which could be made the subject of a Chapter 13 plan; and

(E) Given the time lines, the awareness of the Debtor of the situation from the earliest times, and the sale to and involvement of third parties, there are very strong elements here of laches, waiver, and prejudice, such that while definitively not decided here, would weigh heavily against the Debtor's position under any circumstances.

Accordingly the Debtor's plan, insofar as it contains the provision at issue here, is not confirmable as a matter of law.